### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROLYN TORRES, et al.<br><br>    Plaintiffs,<br><br>                              v.<br><br>HOSPITAL SAN CRISTOBAL, et al.<br><br>    Defendants. | Civil No. 11-1370 (SEC) |

### OPINION and ORDER

Before the Court are defendants' ("Defendants") motion to dismiss under Fed.R.Civ.P. 12(b)(6) (Dockets # 18 and 42), and plaintiffs' ("Plaintiffs") opposition thereto (Dockets # 36).[1] After reviewing the record and the applicable law, Defendants motion is **GRANTED**.

**Background**

This is a diversity medical malpractice suit, transferred from the U.S. District Court for the District of Connecticut on plaintiffs' unopposed motion. Dockets # 1, 6 and 10.[2] Plaintiffs, who currently reside in Connecticut, filed their complaint on October 18, 2010, seeking redress for damages allegedly arising from a gallbladder surgery performed in October 25, 2008. Defendants are the hospital where the surgery took place and some of the doctors who intervened in the medical procedures. The hospital is located and incorporated in Puerto Rico, and the other defendants reside and work in the island; hence, all the events underlying the suit happened in Puerto Rico.

After preliminary procedural nuances, Defendants moved to dismiss, arguing that

---

[1] Although the motion to dismiss was originally filed by one of the defendants, all others joined later. Dockets # 23, 34, and 37.

[2] Defendants had not appeared or been served with process when the case was transferred.

Plaintiffs' suit was time barred under the Puerto Rico one year statute of limitations. Docket # 18. Plaintiffs demurred on two grounds. Docket # 36. First, they allege that the suit is governed by Connecticut law (which has a two-year statute of limitation for malpractice claims), because the case was transferred from that venue under 28 U.S.C. § 1404(a), which requires the transferee court to apply the state law of the transferor. Id. In the alternative, Plaintiffs argue that the Puerto Rico one-year statute of limitation has yet to begin running, because the damages involved in this suit are ongoing, and thus, impossible to determine with certainty at this time. Id. Defendants replied and provided case law belying both of these contentions. Docket # 42. Plaintiffs did not sur-reply.

**Standard of Review**

A motion to dismiss under rule 12(b)(6) premised on a statute of limitations affirmative defense may be appropriate if "the facts that establish the defense . . . [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." Id.

**Applicable Law and Analysis**

*Venue Transfers and Choice-of-law*

In diversity of citizenship cases, the guidelines applicable to venue selection—that is, the place where a law suit should be filed—are clearly demarcated. In relevant part, section 1391(a) of Title 28 provides that a diversity suit may *only* be brought in the district where (1) any or all of the defendants reside; (2) a substantial part of the events underlying the suit happened; or (3) any defendant is subject to personal jurisdiction when the suit is filed. Among other things, this Congressional mandate seeks to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial." Leroy v. Great Western United Corp., 443 U.S. 173, 183-84 (1979). District courts are therefore afforded

great latitude to either dismiss or transfer properly brought suits to other venues when the interest of justice, or the convenience of the parties so requires. 28 U.S.C.A. § 1404(a). The same holds true when a case is filed in an improper venue. Id. at § 1406(a).

The reasons underlying a transfer, however, have important substantive implications. Venue transfers effectuated to accommodate the parties or to advance the interest of justice require the transferee court to apply the substantive law of the state in which the suit was originally filed. Bahia Las Minas Corp. v. General Elec. Co., 267 F.Supp2d 154, 155-156 (D.P.R. 2006). In contrast, cases transferred for improper venue must be decided under the law of the transferee court. Id. The former result is intended "to eliminate inconveniences without altering permissible choices under the venue statute." Ferens v. John Deer Co., 494 U.S. 516, 525 (1990). While the latter seeks "to discourages forum-shopping; it prevents a party from filing in a district that lacks jurisdiction to hear his or her case in order to receive the benefit of that forum's law." 14D Wright, Miller & Cooper, Federal Practice and Procedure § 3827, pgs. 582-83 (3d ed. 2007). For these reasons, when a transfer happens without a determination about the propriety of venue, to decide which state law applies, the transferee court must first examine whether the transferor court was a proper venue. Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980); Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992-93 (11th Cir. 1982); see also Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1370-72 (11th Cir. 2003) (holding that the transferee court properly applied its own laws, even though the case had been transfered under § 1404(a), because the suit had been originally filed in an improper venue).

The foregoing legal precepts suffice to settle the dispute before the Court. As discussed above, Plaintiffs requested their suit to be transferred to this District before serving process upon Defendants. Their motion was therefore granted as unopposed, without a determination from the transferor court as to whether Connecticut was a proper venue for the

case. See Docket # 10.³ A cursory review of the record available at this stage reveals that it was not.

First, none of the Defendants reside in Connecticut. Second, none of the events underlying the suit happened in Connecticut. Third, the record contains no evidence showing that the sister Court in Connecticut had personal jurisdiction over any of the Defendants when the suit was filed. Fourth, neither Plaintiffs' complaint nor their opposition to Defendants' motion aver that Connecticut was a proper venue for their suit. And Plaintiffs chose not to sur-reply to Defendants' reply memorandum containing contrary contentions. See Docket # 42. For these reasons, the law that governs this case is Puerto Rico's.

*Puerto Rico's Statute of Limitations for General Tort Claims*

In Puerto Rico, the statute of limitation for general tort claims elapses after one year "from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31 § 5298. The prescriptive period therefore begins to run when the aggrieved learned about the injury and the identity of the person who caused it. Colon-Prieto v. Geigel, 115 P.R. Dec. 232, 244 (1984); Vera Morales v. Dr. Bravo, 161 P.R. Dec. 308, 318-19 (2004). Or in the words of the First Circuit, "the one-year period starts to run not at the time of the injury, but upon the discovery by the injured party of the injury and of its author." Gonzalez-Perez v. Hosp. Interamericano De Medicina Avanzada, 355 F.3d 1, 2 (1st Cir. 2004).

The intended effect of this interpretation is benign to plaintiffs; their claim will not be time-barred simply because one year has passed from the time of injury if at that time they were not aware of all of the elements necessary to exercise their right. Id. at 4-5; see also Montañez v. Hosp. Metropolitano, 157 P.R. Dec. 96, 106-07 (2002). Nevertheless, it is not necessary, nor will it stop the statute of limitations from running, for a plaintiff to know the full impact and all the possible consequences of the injury. Vera Morales, 161 P.R. Dec. at

---

³ Plaintiffs' motion to transfer nowhere mentioned the statutory predicate of their request. See Docket # 6.

318-319. Therefore, when a tort claim is filed more than one year after the injury was caused, the plaintiff bears the burden of proving the timeliness of his claim as well as the lack of knowledge to assert it within the statutory period. Kaiser v. Armstrong World Industries, Inc., 872 F.2d 512, 516 (1st Cir. 1989) (citations omitted); Corey-Lanuza v. Medic Emergency Specialties, Inc., 229 F.Supp.2d 92, 99 (D.P.R. 2002).

In this case, there is no dispute that Plaintiffs learned about their damages and the persons who caused them in November 2008. In fact, Plaintiffs concede that they filed their complaint more than one year after learning about Defendants' negligence. Docket # 36, p. 7. As stated above, Plaintiffs nonetheless argue that the statute of limitations has yet to elapse because their damages are ongoing, and thus, the final consequence of Defendants' negligence are still unknown. Id. With this argument, Plaintiffs appear to contend that their claim arises from a continuous tort. In those cases, the statute of limitations begins to run when the tortious conduct ceases, not when it first takes place. Arcelay v. Sanchez, 77 P.R. Dec., 824, 838 (1955). But as Defendants correctly point out, under Puerto Rico law, a continuous tort arises from ongoing unlawful conduct, rather than a continuing harmful effect. Id. In other words, for there to be a continuous tort, a defendant must engage in continuous negligent conduct that causes further harm to the plaintiff. M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc., 31 F.Supp 2d 226, 240 (D.P.R. 1998). Here, Plaintiffs' complaint contains no allegations setting forth the elements of a continuous tort. Therefore, Plaintiffs' contentions on this front lack merit, as well-settled law establishes "that the continuing harmful effect of the original tort does not constitute a continuing tort for purposes of tolling the statute of limitations." Id. (collecting relevant Puerto Rico and First Circuit case law).

6

**Conclusion**

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**; Plaintiffs' suit is therefore **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of December, 2011.

> s/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge